UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SARA FRANKLIN, et al., | Case No. 1:14CV2495 |
|     Plaintiffs, | |
| vs. | |
| | Magistrate Judge K. McHargh |
| DeVRY EDUC. GROUP, LLC, et al., | |
| | MEMORANDUM |
|     Defendants. | AND ORDER |

The plaintiffs, Sara Franklin, individually as Administrator of the Estate of Andrew D. Franklin, and also on behalf of the minor child Kamara C. Franklin (collectively, "Franklin"), filed an amended complaint in this court against defendants, DeVry Education Group, LLC ("DeVry"), and Metropolitan Life Insurance Company ("Met Life"). (Doc. 10.) The case had originally been filed in the Cuyahoga County (Ohio) Court of Common Pleas, and had been removed to this court. (Doc. 1.)

The amended complaint alleges nine counts against the defendants:

1) Breach of the employment agreement between DeVry and the decedent Andrew D. Franklin;

2) DeVry negligently, recklessly, intentionally or maliciously breached its duty to plaintiffs by failing to properly process the decedent's election of supplemental life insurance benefits;

2

    3) DeVry negligently, recklessly, intentionally or maliciously breached its fiduciary duty to plaintiffs by failing to properly process the decedent's election of supplemental life insurance benefits;

    4) DeVry actions and failure to act as alleged above harmed plaintiffs in an amount to be determined at trial;

    5) Breach of Fiduciary Duty, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

    6) Breach of Fiduciary Duty, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

    7) Breach of Fiduciary Duty, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B);

    8) Breach of Fiduciary Duty, pursuant to ERISA §§ 502(a)(1)(B) and (c)(1), 29 U.S.C. §§ 1132(a)(1)(B) and (c)(1); and,

    9) Civil conspiracy.

(Doc. 10.)

    The court held a Case Management Conference on April 9, 2015. At the conference, the court ordered that dispositive motions shall not be filed before the close of discovery without leave of court, with the exceptions set forth therein. (Doc. 27.) Specifically, the court ordered, as jointly agreed by the parties, that April 30, 2015, would be the deadline for filing dispositive motions relating to plaintiffs' alleged failure to exhaust, and the jurisdiction of the court. The deadline for filing dispositive motions on the administrative record was set for August 1, 2015. (Doc. 27.)

3

Met Life's Motion to Dismiss

Subsequently, defendant Met Life filed a motion to dismiss on April 21, 2015.  (Doc. 28.)  Met Life moves to dismiss the ERISA claims in the amended complaint.  (Doc. 28, at 5.)  Met Life argues that plaintiffs' claims are barred by the failure to exhaust the administrative remedies under the ERISA plan.  (Doc. 28, at 5-8.)  Met Life also moves to dismiss on the basis that plaintiffs cannot maintain claims for breach of fiduciary duty.  (Doc. 28, at 9-10.)

Met Life also contends that the state law claim for civil conspiracy (count 9) of the amended complaint is preempted.  (Doc. 28, at 10; see doc. 16.)

Thus, Met Life moves for plaintiffs' claims to be dismissed without prejudice due to failure to exhaust administrative remedies.  (Doc. 28, at 1.)

DeVry's Motion(s) to Dismiss

Defendant DeVry  filed a motion to dismiss on April 23, 2015, moving to dismiss the claims arising under ERISA for the reasons set forth in Met Life's motion.  (Doc. 29, at 1.)

DeVry had also filed two motions to dismiss before the Case Management Conference was held.  The motion filed on Nov. 19, 2014 (doc. 4), is DENIED as moot, because the plaintiffs subsequently filed an amended complaint.

After the amended complaint was filed, DeVry filed a motion to dismiss the common law claims (counts 1-4, and 9) as preempted by ERISA.  (Doc. 16, at

4

4-8.) That motion was held in abeyance, pending the scheduling of the case management conference. (Doc. 19.)

### Status Conference of July 16, 2015

On July 16, 2015, the court held a status conference via telephone. At that conference, the plaintiffs advised the court that they would not oppose the motion(s) to dismiss. The plaintiffs advised that they intend to pursue their administrative remedies under the ERISA plan.

Therefore the court GRANTS defendant DeVry's motions to dismiss (doc. 16, 29) as unopposed. DeVry's earlier motion to dismiss (doc. 4) is DENIED as moot. The court also GRANTS defendant Met Life's motion to dismiss (doc. 28), without prejudice, as unopposed.

IT IS SO ORDERED.

July 16, 2015 /s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge